IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| DARRYL J THOMAS, SR., and | ) | |
| KESIA M THOMAS | ) | |
| Debtors | ) | CASE NO.: 23-12694-AMC |
| | ) | |
| BRIDGECREST CREDIT COMPANY, | ) | |
| LLC AS SERVICER FOR CARVANA, | ) | |
| LLC | ) | |
| Movant | ) | **LOCATION:** |
| vs. | ) | 900 Market Street, Suite 400 |
| | ) | Courtroom No. 4 |
| DARRYL J THOMAS, SR., and | ) | Philadelphia, PA 19107 |
| KESIA M THOMAS | ) | |
| Respondents | ) | |
| and | ) | |
| | ) | |
| KENNETH E. WEST | ) | |
| Trustee | ) | |

**STIPULATION RESOLVING BRIDGECREST CREDIT COMPANY, LLC AS SERVICER FOR CARVANA, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

This matter having been brought to the court on the Motion for Relief from Automatic Stay (Doc. 24) filed by Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC ("Movant"), in the above entitled and numbered case, regarding the 2012 Lincoln Navigator Utility 4D 4WD 5.4L V8, V.I.N. 5LMJJ2J56CEL02903 (the "Collateral"). The parties having resolved said motion as set forth in the below agreement of counsel and,

**IT IS THEREFORE STIPULATED THAT:**

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtors shall continue to remit to Movant the regular post-petition monthly payments of $627.00, beginning April 11, 2024.

3. **Debtors Will Make Extra Payments In Order To Cure The Arrearage:** The current post-petition arrearage amount is $2,017.00 ("Arrearage"). Debtors agree to cure the Arrearage in the following way:

    a. **Monthly Cure Payments:** Debtors will make Six (6) consecutive monthly payments to cure the Arrearage ("Cure Payment"). The first five (5) Cure Payments will be in the amount of $336.00 and the last Cure Payment will be in the amount of $337.00. Each Cure payment is due by the 11th of the month with the first Cure Payment due on or before April 11, 2024. The last Monthly Cure Payment will be paid on or before September 11, 2024.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Stipulation shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Stipulation. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Stipulation.

6. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtors fail to keep the Collateral insured, or (3) Collateral is total loss. If Debtors default in any way under the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. Cure payments must be made by certified funds only and Movant may charge Debtors

2

$50.00 for any notice given pursuant to this Order. If the account is not brought current within the fifteen-day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtors are in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtors, Debtors' counsel, and Chapter 13 Trustee. If the stay terminated pursuant to this Stipulation, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

It is further agreed that Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors' attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 4/5/24

_____
BRAD J. SADEK
Attorney for the Debtors

CONSENTED TO BY:

DATED: 4/5/2024

_____
REGINA COHEN
Attorney for Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC

CONSENTED TO BY:

DATED: 4/8/24

/s/Jack Miller, Esquire for the Chapter 13 Trustee
KENNETH E. WEST
Chapter 13 Trustee

(The standing Trustee has received a Stipulation. I have no objection to its terms, without prejudice to any of our rights and remedies.)

4